**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Michael Ishmael Gresham,

Plaintiff,

v.

Horton, *et al.*,

Defendants.

Case No. 26-13495

Judith E. Levy
United States District Judge

Mag. Judge Patricia T. Morris

________________________________/

**OPINION AND ORDER DENYING THE APPLICATION TO PROCEED WTIHOUT PREPAYMENT OF THE FILING FEE [5] AND DISMISSING THE COMPLAINT [1]**

Plaintiff Michael Ishmael Jones is a prisoner in the custody of the Michigan Department of Corrections.[1] He filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1) and an application for leave to proceed *in forma pauperis*, meaning without prepayment of fees or costs. (ECF No. 5.) In his handwritten complaint, Plaintiff appears to

[1] When Plaintiff filed his complaint, he was confined at the Gus Harrison Correctional Facility, but when he submitted his application to proceed without prepayment of the filing fee a few weeks later, he had been transferred to the Richard A. Handlon Correctional Facility in Ionia, Michigan, where he currently resides. (ECF Nos. 1, 5.) *See also* Offender Profile, MDOC Offender Tracking Information System, https://mdocweb.state.mi.us/OTIS2/Profile.

raise claims concerning conspiracy, retaliation, excessive force, false accusations of misconduct, and the voluntary and involuntary use of psychotropic medications while he was confined at the Gus Harrison Correctional Facility in Adrian, Michigan. (*See generally* ECF No. 1.) He names the warden, administrators, corrections officers, and medical personnel at that prison as Defendants and seeks declaratory relief, injunctive relief, and hundreds of billions of dollars in damages. (*See id.*) For the reasons set forth below, the Court denies Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 5) and dismisses the case without prejudice.

Plaintiffs initiating a civil action in district court are required to pay a $350 filing fee and an administrative fee before their case can proceed. *See* 28 U.S.C. § 1914(a). Although prisoners are liable for this fee the same as any other plaintiff, they are afforded some leniency. If a prisoner proceeds *in forma pauperis*, they will be permitted to pay the fee in installments, tailored to their budget. 28 U.S.C. § 1915(b).

Prisoners are not automatically entitled to proceed *in forma pauperis* under the Prison Litigation Reform Act ("PLRA"). District courts can deny them this status if

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is referred to as the three-strikes rule. It prevents prisoners from filing a series of meritless lawsuits *in forma pauperis*. The only exception to the three-strikes rule is if the complaint plausibly alleges an "imminent danger of serious physical injury." *Id.*

The three-strikes rule applies to Plaintiff. Plaintiff is a prolific litigator in federal court. He has had far more than three complaints dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted. *See, e.g., Gresham v. Mich. Dep't of Corr.*, No. 2:07-cv-241, 2008 WL 2397646 (W.D. Mich. June 9, 2008); *Gresham v. Verville*, No. 2:10-cv-198, 2011 WL 202023 (W.D. Mich. Jan. 19, 2011); *Gresham v. Caruso*, No. 1:10-cv-1038, 2011 WL 284454 (W.D. Mich. Jan. 26, 2011); *Gresham v. Payne*, No. 1:10-cv-1146, 2011 U.S. Dist. LEXIS 23422 (W.D. Mich. Mar. 8, 2011); *Gresham v. Caruso*, No. 2:10-cv-195, 2011 WL 1357311 (W.D. Mich. Apr. 11, 2011); *Gresham v. Wolak*, No. 2:10-cv-239, 2011 WL 3101098 (W.D. Mich. July 25, 2011); *Gresham*

*v. Canlis*, No. 2:11-cv-179, 2011 WL 3273219 (W.D. Mich. July 29, 2011); *Gresham v. Caruso*, No. 2:10-cv-196, 2011 U.S. Dist. LEXIS 124379 (W.D. Mich. Oct. 27, 2011).

Plaintiff has also been made aware that he is a three-striker because he has been denied leave to proceed *in forma pauperis* for having three strikes numerous times. *See, e.g.*, *Gresham v. Whitmer*, No. 2:26-cv-13079, 2026 WL 3000510, at *2 (E.D. Mich. Oct. 5, 2026) (citing over 30 cases in which Plaintiff has been denied leave to proceed *in forma pauperis* under the three-strikes rule); *Gresham v. Jenkins*, No. 2:15-cv-11640, 2015 WL 3403942, at *1 (E.D. Mich. May 26, 2015) (citing 12 cases in which Plaintiff's claims were dismissed under the three-strikes rule).

Plaintiff therefore may not proceed *in forma pauperis* unless he satisfies the "imminent danger of serious physical injury" exception to the three-strikes rule. *See* 28 U.S.C. § 1915(g). To qualify for the imminent-danger exception, a prisoner must allege "facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (alteration in original) (quoting *Taylor v.*

*First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)). An assertion of past danger is insufficient to invoke the exception. *Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008). And the imminent danger must be of serious physical injury. A "physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm." *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019). When a claim of imminent danger is conclusory, ridiculous, or clearly baseless, a court may deny a prisoner leave to proceed without prepayment of the filing fee under § 1915(g). *Vandiver*, 727 F.3d at 585 (quoting *Rittner*, 290 F. App'x at 798).

In his complaint and application to proceed *in forma pauperis*, Plaintiff alleges that he is under imminent danger of serious physical injury from the side effects of psychotropic medications, Haldol and Prolixin, that were, are, and/or will be forced upon him by prison officials. (*E.g.* ECF No. 1, PageID.12–13; ECF No. 5, PageID.65.) The claimed potential side effects include chest pain, difficulty breathing, choking sensations, paralysis, urination and defecation, vomiting, and dizziness. (ECF No. 5, PageID.65.) Gresham further alleges that the MDOC is

trying to "assassinate" him and is withholding proper care to cause his death. (ECF No. 1, PageID.1–2, 15, 20; ECF No. 5, PageID.65.)

This is not the first time that Plaintiff has attempted to circumvent the three-strikes rule by alleging that the side effects of psychotropic medication will lead to serious physical harm or death and expressing his belief that the MDOC is trying to kill him. He has been making such allegations "for well over a decade," and those allegations have been rejected. *E.g.*, *Gresham*, 2026 WL 3000510, at *3 (rejecting Plaintiff's claim that potential side effects of Haldol and Prolixin satisfy the three-strikes exception); *see also Gresham v. Gauderer*, No. 1:19-cv-0802, 2019 WL 6044512, at *3–4 (W.D. Mich. Nov. 15, 2019) (similar). Indeed, in a published opinion stemming from Plaintiff's appeal of a prior three-strikes dismissal, the Sixth Circuit held that the side effects of antipsychotic medications "simply are not the kinds of injuries that can lead to impending death or other severe bodily harms and, no less importantly, [Plaintiff] has not remotely alleged how his complaints could lead to such harms while he is under medical supervision." *Gresham*, 938 F.3d at 850.

Considering Plaintiff's pleadings, his history of unsupported claims of imminent danger of serious physical injury, and the Sixth Circuit's ruling, the Court finds that his claim of imminent danger of serious physical injury is baseless. Therefore, Plaintiff is not allowed to proceed without prepayment of the filing fee for this case.

For the reasons set forth above, the Court finds that the three-strikes rule applies to Plaintiff and that Plaintiff has failed to establish that he is exempt from the three-strikes provision of 28 U.S.C. § 1915(g). Accordingly, the Court DENIES Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) under 28 U.S.C. § 1915. Plaintiff "must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002) (emphasis added). Because Plaintiff has not paid the full fee, his complaint is DISMISSED without prejudice. IT IS FURTHER ORDERED AND CERTIFIED that any appeal from this decision would be frivolous and cannot be taken in good faith.

IT IS SO ORDERED.

Dated: November 12, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 12, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager